## Church of the Good Shepherd, et al. v. Commonwealth, By etc.

(Decided May 7, 1918.)

### Appeal from Franklin Circuit Court.

Taxation—Exemptions—Educational Institutions.—Property held by the Bishop of the Diocese for the benefit of the Catholic community, in the upper portion of which a parochial school is conducted, and the income from the lower portion is used solely for the maintenance of the school and to provide a school building fund, though the school be sectarian in character, and the property be not impressed with a trust for school purposes either by a charter provision or the instrument conveying the title, is, while so used, exempt from taxation under Constitution, section 170, providing that "Institutions of education not used or employed for gain by any person or corporation," shall be exempt from taxation.

T. L. EDELEN and GUY H. BRIGGS for appellants.

W. C. MARSHALL and L. F. JOHNSON for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

This is a proceeding by the Commonwealth to assess as omitted property, certain property owned by the Church of the Good Shepherd and held by the Bishop of the Diocese of Covington. The property in question consists of a building on St. Clair street, and a vacant lot on Wapping street. On appeal the circuit court held that the building was subject to taxation, but that the vacant lot was not subject to taxation. From that judgment, the Church of the Good Shepherd prosecutes this appeal.

According to the agreed statement of facts, the property in question belongs to the Catholic community in Frankfort, and the legal title thereto is in the Bishop of the Diocese of Covington. The lower floor of the building consists of four storerooms which are rented to private individuals. The second story of the building is occupied as a parochial school, and the vacant lot on Wapping street is used as a playground for the school. While the school is denominational in character, religious instruction is optional with the pupils. Both Protestant and Catholic children are eligible to admission. The tuition fee is one dollar per month, but children without means, whether Protestant or Catholic, may attend without charge. Twenty per cent. of the pupils pay no tuition. The tuition fees average about $400.00 per annum. The school is taught by the Sisters of the Nazareth Institute and the parish priest. The Sisters receive $600.00 a year and the priest $200.00 a year. The average expenses of the school are about $1,100.00 a year. None of the income from the storehouses is used for the private gain or profit of any individual or corporation. The entire proceeds are devoted exclusively to the maintenance of the school, and any surplus over and above expenses is used to supply deficits in the school budget and to create a school building fund.

Section 170 of the Constitution is in part as follows:

"There shall be exempt from taxation public property used for public purposes; places actually used for religious worship, with the grounds attached thereto and used and appurtenant to the house of worship, not exceeding one-half acre in cities or towns, and not exceeding two acres in the country; places of burial not held for

private or corporate profit, institutions of purely public charity, and institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education; public libraries, their endowments, and the income of such property as is used exclusively for their maintenance; all parsonages or residences owned by any religious society, and occupied as a home, and for no other purpose, by the minister of any religion, with not exceeding one-half acre of ground in towns and cities and two acres of ground in the country appurtenant thereto . . . ."

It will be observed that the above provision of the Constitution exempts from taxation, ''Institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education.'' In support of the judgment it is insisted that the property in question is not owned by any institution of learning, but is owned by the Catholic community and there is no instrument by which the property is exclusively dedicated to the use of the parochial school. Hence, it is argued that as the property is not impressed with any trust for school purposes, the owner may cease to use it for such purposes and that if the exemption were allowed, the effect would be merely to exempt church property not covered by the provisions of the above section of the Constitution. We have had occasion in numerous cases to construe the exemption in favor of institutions of education, and without quoting at length from those opinions, it is sufficient to say that the exemption is not confined to the buildings and grounds in which the school is conducted, but applies to all property, without regard to its location or the form of the investment, where the income therefrom is devoted exclusively to educational purposes, and this is true whether the school be sectarian or not. Commonwealth v. Board of Education of Methodist Episcopal Church, 166 Ky. 610, 179 S. W. 596; Trustees of Kentucky Female Orphan School v. City of Louisville, Same v. Bell, Sheriff, 100 Ky. 470, 36 S. W. 921; City of Louisville, &c. v. Board of the Nazareth Literary and Benevolent Institution, Same v. St. Xavier's College, Commonwealth v. St. Mary's College, Same v. Loretta Literary & Benevolent Institution, Board of Education of Common School District No. 1, Pike Co. v. Trustees Pikeville

Collegiate Institute, 100 Ky. 518, 36 S. W. 994; City of Louisville v. Southern Baptist Theological Seminary, Southern Baptist Theological Seminary v. Claggett, Sheriff, 100 Ky. 506, 36 S. W. 995. In other words the controlling feature is the exclusive use of the property for educational purposes and not the manner in which the title is held. Thus in Ward v. Manchester, 56 N. H. 508, 22 Am. Rep. 504, an institution of learning was conducted by the Catholic church on property conveyed to Frances T. Ward, the "Mother Superior" of the "Sisters of Mercy." It was held that as the property was devoted exclusively to the purposes of a seminary of learning, it was exempt from taxation. As before stated, the title to the property involved in this case is in the Bishop of the Diocese. In the upper portion of the building the school is conducted, while the income from the lower portion is used exclusively for the maintenance of the school and for the creation of a school building fund. Under these circumstances it is immaterial that the property is not impressed with a trust in favor of the school either by some charter provision or the instrument conveying the title. It is sufficient that the building and the income therefrom are voluntarily dedicated to the exclusive use of the school and are not used for gain by any person or corporation. To hold otherwise would be to give effect to the shadow and not the substance. In reply to the argument that the owner is not bound to use the property or its income for school purposes, and may discontinue such use at any time and apply the property to other purposes, it may be said that in that event the property will no longer be exempt on the ground that it is devoted solely to the cause of education. However, the mere possibility of such an occurrence furnishes no reason why the property should not be exempt so long as it is devoted solely to the cause of education. It follows that the property should have been adjudged exempt from taxation.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.